UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROTTER,<br><br>    Plaintiff,<br><br>         v.<br><br>F.B. HAWS, *et al.*,<br><br>    Defendants. | Case No. CV 09-5400 JVS (JCG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's "Compel Answer to (return); Objection; Declaratory Relief" ("Objections"), and the remaining record, and has made a *de novo* determination.

Plaintiff's Objections are, in large part, incoherent and unintelligible, and fail to meaningfully address or refute the Report and Recommendation. Thus, the Objections are without merit.

There is one issue, however, that warrants brief amplification here. To the extent Petitioner believes that his constitutional rights may have been violated when he was transferred from working in the prison scullery to the prison bakery, his belief would be unsupported by the law. Albeit Plaintiff evidently does not set out a separate claim in the Second Amended Complaint based on this employment

change, it would be futile to do so in any further amended complaint as well. It is well established in the Ninth Circuit that a prisoner's expectation of keeping a particular prison job does not implicate any property or liberty interest that is entitled to protection under the due process clause. *McIntyre v. Bayer*, 2003 WL 21949154, at *1 (9th Cir. Aug. 13, 2003) ("prisoners do not have a constitutional right to prison employment"); *Coakley v. Murphy*, 884 F.2d 1218, 1220-1221 (9th Cir. 1989) (prisoner has no liberty or property interest to continue in a work release program); *see also Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (*per curiam*) ("inmates have no constitutional right to be assigned to a particular job"); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (*per curiam*) ("The Constitution does not create a property or liberty interest in prison employment."); *Lancaster v. Carey*, 2008 WL 3272081, at *2 (E.D. Cal. Aug. 6, 2008) ("It is uniformly well established throughout the federal circuit courts that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment.").

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and adopted;
2. Plaintiff's First Amendment retaliation claim, Eighth Amendment cruel and unusual punishment claim based upon having to retain his urine, Eighth Amendment cruel and unusual punishment claim based upon the denial of medical treatment, and the denial of access to the courts claim based upon inadequate law library access are **dismissed without further leave to amend**;
3. Plaintiff's Eighth Amendment sexual harassment claim is **dismissed with leave to amend**. Plaintiff shall have **thirty (30) days** from the date of this Order to file a Third Amended Complaint that complies **strictly** with this Order and the Report and Recommendation; and

/

4. The Clerk serve copies of this Order on the parties.

DATED: February 28, 2011

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE